# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

YANSY B.D.V.,[1]
(A Number: 245-383-152)

Petitioner,

v.

WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,

Respondents.

Case No.  1:26-cv-02535-KES-EGC (HC)

**ORDER DENYING MOTION FOR COUNSEL**

**FINDINGS AND RECOMMENDATION TO GRANT PETITION AND ORDER IMMEDIATE RELEASE**

(Docs. 1, 2)

TEN (10) DAY DEADLINE

Yansy B.D.V. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

She is a native and citizen of El Salvador who, around October 22, 2023, entered the United States and was encountered by United States Border Patrol.  (Doc. 8-2 at 1).  At this time, Petitioner was released and enrolled in the Alternative to Detention program and given a Notice to Appear.  (Docs. 8-1 at 1; 8-2 at 1).  On February 5, 2026, Immigration and Customs Enforcement ("ICE") arrested Petitioner upon her presentation at the Baltimore Intensive Supervision Appearance Program Office.  (*Id.*).

The Court has previously addressed the legal issues raised by the petition.  *See*, *e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D.

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information. See Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

On April 7, 2026, the Court ordered Respondents to show cause as to why the Petition should not be granted. (Doc. 5). On May 7, 2026, Respondents filed a response in which they do not meaningfully acknowledge the case law to the contrary. (*See* Doc. 8). Nevertheless, Respondents continue to maintain their position, which this Court has repeatedly rejected in the cases noted above, that Petitioner is considered an "applicant for admission" and therefore subject to mandatory detention under 8 U.S.C. §1225(b)(2). (*Id.*). In line with the Court's previous cases, the undersigned finds that Petitioner is subject to Section 1226(a), that their previous release on bond created a strong liberty interest in remaining free of detention, and that Respondents' deprivation of Petitioner's liberty interest without notice and opportunity to challenge the reasons for detention violated her due process rights.

In considering the proper remedy on Petitioner's due process claim, the undersigned is cognizant of the fact that an immigration judge has since determined that Petitioner poses a flight risk. (*See* Doc. 8-5 at 1). However, other courts within the Ninth Circuit have concluded that "a post-detention bond hearing is insufficient to cure a violation of procedural due process arising from detention without a pre-deprivation hearing." *Nurlan Gudavasov v. David Marin*, No. 5:26-CV-00541-AH-(MBK), 2026 WL 712827, at *3 (C.D. Cal. Mar. 9, 2026) (collecting cases); *see also Anderson v. Chernut*, No. 1:26-CV-01960-DAD-CKD, 2026 WL 809990, at *3 (E.D. Cal. Mar. 24, 2026) ("Respondents argue that petitioner has received all the process due to her because she received a post-deprivation bond hearing. . . . The court disagrees."); *Mumaev v. Semaia*, No. 5:25-CV-03409-FLA (MAR), 2026 WL 530765, at *6 (C.D. Cal. Feb. 20, 2026) (ordering petitioner's release from custody where the government failed to provide a pre-deprivation hearing, notwithstanding an immigration judge's subsequent determination that petitioner posed a flight risk); *Domingo v. Kaiser*, No. 25-cv-05893, 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject

of his motion: that is, his potentially erroneous detention."); *Hasratyan v. Bondi*, No. 5:26-CV-00210-MCS-ADS, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026) (concluding that where a petitioner received a procedurally deficient post-detention bond hearing, "the post-detention process Petitioner received and will receive is no substitute for the pre-detention process she was owed"); *Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); *Riveros-Sanchez v. City of Easton*, 861 F. App'x 819, 822 (3d Cir. 2021) ("[I]f a pre-deprivation hearing was required, then no amount of post deprivation process could cure the ... initial failure to provide a hearing."). The undersigned therefore finds that the immigration judge's subsequent denial of Petitioner's release at a custody redetermination hearing does not cure Respondents' failure to provide Petitioner with notice and the opportunity to be heard *before* revoking her release.

As Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions noted above,[2] the undersigned will recommend the petition for writ of habeas corpus be GRANTED for the reasons stated in those prior orders.

In the alternative, Respondents request the case be held in abeyance pending the resolution of the pending Ninth Circuit appeals in *Rodriguez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464 (E.D. Cal. Aug. 15, 2025), and *Benavides Carballo v. Andrews*, Ninth Circuit Docket No. 25-6533 (E.D. Cal. 1:25-cv-00978-KES-EPG). The undersigned doubts the Ninth Circuit decisions will impact the conclusion that Petitioner has a protected liberty interest that arises from her prior release from

---

[2] Respondents allege that Petitioner violated terms of the "Alternatives to Detention" monitoring program in which she was enrolled, because of two missed biometric check ins, one failure to send location, and three "home visit failed" in the several years before her re-detention. (Doc. 8; Doc. 8-1 at 2–3). But after the alleged violations, Petitioner reported for at least one scheduled check-in at an ICE office. (*See* Doc. 8-1 at 2). While the alleged violations might be relevant to a neutral decisionmaker's determination as to whether Petitioner is entitled to bond, they do not eliminate Petitioner's due process right to a such determination before her detention. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). Courts typically require evidence of urgent concerns or an especially strong government interest to justify a post-deprivation, rather than a pre-deprivation, hearing. *See Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025); *United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 53, 59–61 (1993) ("We tolerate some exceptions to the general rule requiring pre-deprivation notice and hearing, but only in extraordinary situations where some valid governmental interest is at stake that justifies postponing the hearing until after the event[,]" such as "executive urgency." (internal quotations omitted)). Respondents do not identify any urgent concerns that would make constitutionally-adequate a post-deprivation, rather than pre-deprivation, hearing in this case.

immigration custody.  Respondents' position has been repeatedly rejected by this Court as noted above, as well as the vast majority of other courts that have considered the legal arguments at issue.  Accordingly, the undersigned recommends denying Respondents' request to hold the matter in abeyance.

**ORDER**

Petitioner requested the appointment of counsel.  (Doc. 2).  Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require."  *See* Rule 8(c), Rules Governing Section 2254 Cases.  Insofar as the undersigned is recommending the petition be granted on the papers, the undersigned does not find that the interests of justice require appointment of counsel at the present time.

**RECOMMENDATION**

Accordingly, the Court hereby RECOMMENDS that Respondents be ORDERED to release Petitioner immediately and that Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that their physical custody is legally justified.  The undersigned further recommends that an exception be made to the injunction in the event an order of removal becomes final.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties.  *Id*.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of

the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).  This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:    **July 2, 2026**          _____
UNITED STATES MAGISTRATE JUDGE